UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

REGINA LEWIS,

                Plaintiff,

       -against-

STATE FARM; JOHN W. OWENS,

               Defendants.

**ORDER OF SERVICE**

23-CV-8089 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Regina Lewis, of Newburgh, Orange County, New York, brings this *pro se* action against State Farm and John W. Owens. She seeks $1,000,000 in damages. By order dated March 22, 2024 the Court granted Plaintiff leave to file this action in this court and Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      To allow Plaintiff to effect service on Defendants State Farm and John W. Owens through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for State Farm and John W. Owens, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court if further instructed to send an information package to Plaintiff.

Plaintiff may receive court documents by email by completing the attached form, [Consent to Electronic Service](#).[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   White Plains, New York
         March 22, 2024

_____
PHILIP M. HALPERN
United States District Judge

3

**DEFENDANTS AND SERVICE ADDRESSES**

1. State Farm
   Corporate Headquarters
   One State Farm Plaza
   Bloomington, IL 61710

2. John W. Owens
   19 Kenney Ct.
   Newburgh, NY 12550