UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

STATE FARM, et al.

                Defendants.

**ORDER**

23-CV-08089 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Plaintiff commenced this action on September 12, 2023, asserting products-liability and negligence claims under state law against defendants State Farm and John W. Owens. (Doc. 2). On July 22, 2024, the Court issued an Order giving Plaintiff an opportunity to drop the non-diverse defendant Owens, whose presence defeats diversity of citizenship. (Doc. 25). Plaintiff, on August 6, 2024, filed an Amended Complaint, continuing to press her claims against defendant Owens and alleging that the Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000. (*Id.*).

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a federal civil action, if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Generally, in light of the solicitude accorded *pro se* litigants, a district court must grant a plaintiff an opportunity "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). A *pro se* "plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive

law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

The subject-matter jurisdiction of the federal district courts is set forth generally in 28 U.S.C. §§ 1331 and 1332. Subject-matter jurisdiction is available only when a "federal question" is presented or when the parties are citizens of different states (or in matters involving citizens of a state and citizens of a foreign state) and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); *Marom v. Town of Greenburgh*, No. 20-CV-03486, 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021) (dismissing claims for want of subject-matter jurisdiction *sua sponte* pursuant to the Court's "inherent authority to evaluate the existence of subject-matter jurisdiction under Rule 12(h)(3)").

Plaintiff and defendant Owens are both citizens of the State of New York. (*See* Doc. 2; Doc. 4; Doc. 14; Doc. 18; Doc. 22; Doc. 23). Plaintiff was warned that the failure to cure the diversity issue or otherwise show that the Court has subject matter jurisdiction over this action would result in dismissal of the Complaint for lack of subject-matter jurisdiction. (Doc. 25). Instead of dropping the non-diverse defendant Owens as outlined in the Court's prior Order when given the opportunity (*see* Doc. 25), Plaintiff doubled-down in the Amended Complaint, making clear that she presses

her claims against defendant Owens and alleging again that jurisdiction is authorized by 28 U.S.C. § 1332(a)(2). (*See* Doc. 27).

Although Plaintiff does not invoke the Court's federal question jurisdiction, the Court nevertheless has examined the allegations in the Amended Complaint to determine if there exist any facts suggesting that the Court has federal question jurisdiction. Read liberally, the Amended Complaint asserts products-liability and negligence claims under state law. (*See* Doc. 27). Because the Amended Complaint is devoid of facts demonstrating a federal law claim, and because Plaintiff and defendant Owens are each citizens of New York, complete diversity is lacking and there exists no basis for the Court to exercise subject-matter jurisdiction over Plaintiffs' claims.

The letter-motions requesting that the Court schedule a pre-motion conference in connection with anticipated motions to dismiss for lack of subject matter jurisdiction (Doc. 24; Doc. 28; Doc. 29) are denied as moot.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3), this action is dismissed for lack of subject matter jurisdiction.

The Clerk of Court is respectfully requested to terminate the pending letter-motions (Doc. 24; Doc. 28; Doc. 29), close this case, and mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
       August 21, 2024

_____
Philip M. Halpern
United States District Judge